UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Frazier, # 219272, | ) C/A No. 4:14-889-MGL-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden Bush, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing *pro se.* Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Willie Frazier ("Petitioner") is currently serving a life sentence entered on June 27, 1998 in Aiken County, South Carolina, following a guilty verdict on armed robbery and burglary charges. His current sentence was allegedly "enhanced" as a result of prior convictions for assault and battery of a high aggravated nature, attempted armed robbery, and possession of a firearm, entered in Barnwell County on February 8, 1995 under the "Youthful Offender Act." This is the fourth § 2254 Petition that he has filed in this court seeking to challenge the 1995 Youthful Offender convictions ("YOA convictions").[1] *See, e.g.*, Civil Action Nos. 4:12-112-MGL; 4:12-2712-MGL; 4:13-2620-

---

[1] The first § 2254 habeas petition that Petitioner submitted to this court challenged only the 1998 convictions and life sentence he is now serving. That Petition was considered on the merits and found to be untimely. *Frazier v. Stevens*, Civil Action No. 4:09-302-JFA, Orders, ECF Nos. 41, 42.

MGL. His first such petition was summarily dismissed insofar as the 1995 convictions were concerned because he was no longer in custody on those convictions. *See Frazier v. Padula*, Civil Action No. 4:12-112-MGL, Order, ECF No. 29. Petitioner's attempt to appeal from the final outcome in that case was dismissed by the Fourth Circuit Court of Appeals on January 30, 2014. *Id*. Op., ECF No. 69. The next attempted challenge to the 1995 convictions was summarily dismissed upon a holding that the initial pleading was an unauthorized successive petition. *See Frazier v. McCall*, Civil Action No. 4:12-2712-MGL, Order, ECF No. 26. The most recent attempted challenges to the same convictions were raised in another § 2254 petition filed in *Frazier v. Nolyn*, Civil Action No. 4:13-2620-MGL. That case was voluntarily dismissed by Petitioner before the initial review of the petition was completed. *Id*. Notice, ECF No. 18. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

In the Petition now under review (the fourth one challenging the 1995 YOA convictions), Petitioner attempts to raise "actual innocence" claims against the YOA convictions, claiming that, despite a prior holding to the contrary by this court, he is still in custody on the convictions because of procedural problems in connection with the state parole board's alleged failure to "revoke parole and terminate [the] YOA conviction so that [the] conviction would not be used to enhance any [subsequently entered] sentence." Pet. 13, ECF No. 1. In his request for relief, he asks that this court vacate and expunge the YOA convictions and remand the case to "lower court to determine adverse effects of YOA convictions." Id. at 14. There is nothing in the Petition showing that Petitioner sought and obtained permission from the Fourth Circuit Court of Appeals before filing this fourth

habeas case attempting to challenge the same YOA convictions.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts

(a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

## **DISCUSSION**

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[2] The "gatekeeping" mechanism

---

[2] With authorization, Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can

created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this court, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus at least partially based on his 1995 YOA convictions in which the court determined on the merits that he was no longer able to challenge those convictions by way of a § 2254 habeas petition because he is no longer in custody on the convictions. Civil Action No. 4:12-112-MGL. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the successive Petition now under review, this court does not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent. *See United States v. Winestock,* 340 F.3d 200, 205-06 (4th Cir. 2003)*; Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be

---

make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

dismissed *with prejudice* as successive and unauthorized.

    Petitioner's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 29, 2014
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).